# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALEJANDRO ARROYO,

    Plaintiff,

v.                                  Case No. 17-CV-1561

DANIEL MAHER, *et al.*,

    Defendants.

## ORDER

On July 31, 2018, U.S. District Judge Pamela Pepper concluded that plaintiff Alejandro Arroyo was capable of representing himself in the early stages of this case. She reached this conclusion based on her review of Arroyo's communications with the court and the straightforward nature of his claims. A few months later, Judge Pepper referred the case to this court to handle all pretrial matters.

On February 11, 2019, Arroyo again asked the court to recruit a lawyer to represent him. The court reviewed Arroyo's filings and reached the same conclusion as Judge Pepper: Arroyo's claims are not complicated (he alleges that the defendants stood by and watched as he engaged in acts of self harm), and he is able to communicate with the court without difficulty. The court concluded that Arroyo's uncertainty about how to proceed was due to his unfamiliarity with court procedures, not due to his lack of capacity to present his claims. Accordingly, the court denied his motion. The court informed Arroyo that, should additional difficulties arise in the

future, he could renew his motion for counsel and explain the challenges he is facing and why he thinks he cannot overcome them on his own.

About a month later the court received a letter from another inmate, who stated that he was writing on behalf of Arroyo. He explained that he was not acting as Arroyo's jailhouse lawyer; instead, Arroyo had asked him to write the letter due to Arroyo's "lack of comprehension of the English language" and "tremors in his hands from medication side effects." (ECF No. 37.) These challenges, in combination with Arroyo's mental health issues (his acts of self harm allegedly occurred after a psychotic break and he is currently housed at the Wisconsin Resource Center), led the court to conclude that Arroyo faced challenges in prosecuting this case that would be difficult for him to overcome on his own. Accordingly, the court informed Arroyo that it would attempt to recruit a lawyer to represent him on a volunteer basis. The court began those efforts shortly thereafter.

About two months later, on May 22, 2019, Arroyo filed a letter asking for an update on the status of the case; he filed a second letter asking for an update a week later. The court has been unable to find a lawyer who is willing to represent Arroyo through discovery and the briefing of summary judgment. The court maintains a list of lawyers who have indicated their willingness to represent *pro se* prisoners. The court contacted the lawyers on the list who are proficient in Spanish; none of them were willing to represent Arroyo. Next, the court contacted several other lawyers on the list who have prior experience representing *pro se* prisoners; none of them were willing to represent Arroyo. All of the lawyers the court contacted expressed concern

about the significant amount of time it would require to coordinate with Arroyo, participate in discovery, and brief summary judgment.

As the court explained to Arroyo, in civil cases a court *may* recruit a lawyer to represent a person who is unable to afford one. Unlike in criminal cases, a "court cannot appoint counsel in civil cases but must rely on the generosity of lawyers to volunteer their time and skill on behalf of indigent civil parties." *Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018). In other words, a *pro se* prisoner plaintiff in a § 1983 case does not have a right to counsel, and "the fact that a court decides to recruit a volunteer does not create a right either." *Id.* The Court of Appeals for the Seventh Circuit has recently confirmed that "identifying a volunteer is not always possible" and that courts do not have "an indefinite commitment to search until a volunteer is found." *Id.*; *Giles v. Godinez*, 914 F.3d 1040, 1053 (7th Cir. 2019). "There are limits to what a court must do after deciding to recruit counsel." *Wilborn*, 881 F.3d at 1009.

The court has been unsuccessful in its efforts to recruit a lawyer to represent Arroyo. Accordingly, at this time, Arroyo will have to proceed with this case on his own.

In reaching this decision, the court once again reviewed Arroyo's filings and found little evidence that he has trouble understanding English—so that does not appear to be a significant obstacle for him. In addition, the court believes that his struggles with hand tremors can be overcome by allowing him more time to comply with court deadlines when he needs it. The court notes that it has not had any problems reading his filings to date. Finally, as both Judge Pepper and this court

3

have found, the issues in this case are not complicated and Arroyo has established that he understands what happened to him and can communicate with the court and opposing counsel.

The court will continue to ask lawyers on its list if they would be willing to represent Arroyo during these initial stages of litigation, but, given the number of lawyers who have already declined to represent him and the consistent feedback the court has received from those lawyers, he should assume that he will have to represent himself through discovery and the briefing of summary judgment. Accordingly, the court will set new deadlines for the completion of discovery and the filing of dispositive motions.

Finally, the court notes that Arroyo has frequently raised issues concerning his communications with defendants' counsel about discovery issues. He has complained that defendants' counsel is non-responsive and/or that defendants are seeking information that is not relevant to his claims. The court reminds Arroyo that the court is not generally involved in the discovery process. The parties are expected to work with one another in good faith to resolve their disputes informally. If Arroyo disagrees with the scope of the defendants' discovery requests, he must contact defendants' counsel (by letter is adequate) and explain his concerns. This informal communication often resolves issues without having to involve the court. If the parties are unable to resolve their differences on their own, a party may file a motion asking the court to get involved. However, the party must explain in the motion what efforts were made

to resolve the issue without the court's involvement and why those efforts were unsuccessful. *See* Civil L.R. 37.

**IT IS THEREFORE ORDERED** that the parties must serve all requests for discovery by a date sufficiently early so that all discovery is completed no later than **October 4, 2019**.

**IT IS FURTHER ORDERED** that Arroyo must use discovery to learn the name of the John Doe defendant. Once he does so, he should file a motion to substitute the name for the John Doe placeholder. Arroyo must identify the name of the John Doe defendant by **August 2, 2019.** If Arroyo does not do so or explain why he is unable to do so, the court will dismiss the John Doe defendant.

**IT IS FURTHER ORDERED** that, if a party chooses to file a dispositive motion, it must do so, together with the supporting materials, by **November 4, 2019**.

Dated in Milwaukee, Wisconsin this 3rd day of June, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge